```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                       HOUSTON DIVISION


THOMAS EARL YOUNG,              §
TDCJ #1344032,                  §
                                §
          Plaintiff,            §
                                §     CIVIL ACTION NO. H-07-1472
v.                              §
                                §
CLIFTON DUBOSE, et al.,         §
                                §
          Defendants.           §
```

**MEMORANDUM OPINION AND ORDER**

Thomas Earl Young, an inmate of the Texas Department of Criminal Justice, has filed a civil rights complaint against the City of Sugar Land, Sugar Land Police Department, and Sugar Land Police Officer Clifton DuBose. The defendants have been served and have filed a Motion for Summary Judgment (Docket Entry No. 25), which is supported by records and sworn statements. Young has not filed a response. After reviewing the pleadings and evidence, the court will grant the defendants' motion and dismiss this action for the reasons set forth below.

**I.   Claims and Allegations**

Young claims that DuBose used excessive force against him during his arrest on December 12, 2004. Young alleges that DuBose injured him when he struck him with his hands and feet and sprayed Oleoresin Capsicum (O.C.) (an eye irritant) in his face. Young

asserts that he sustained three cracked ribs and a punctured lung. He also states that he lost several teeth and suffered mental injuries as a result of DuBose's unnecessary use of force. Young includes the City of Sugar Land and its police department as defendants because he believes they should be held responsible for the actions of DuBose, their employee. He seeks $300,000.00 in actual and punitive damages from each of the named defendants.

II. **Summary of the Defendants' Arguments and Evidence**

The defendants argue that (1) the City of Sugar Land Police Department is not a proper party to this suit; (2) Officer DuBose used only objectively reasonable force in response to Young's resistance and aggression and that DuBose is entitled to qualified immunity; and (3) that the City of Sugar Land cannot be held liable, even if DuBose had violated Young's civil rights because there is no evidence that the violation occurred pursuant to a City policy.

With regard to the Sugar Land Police Department, the defendants argue that, as a general legal principle, municipal police departments do not have a separate existence from the cities that they serve. See Darby v. City of Pasadena, 939 F.2d 311, 313 (5th Cir. 1991) (Texas city police departments cannot be sued because they are not separate legal entities.). Defendants point out that Young has failed to assert any facts indicating that the Sugar Land Police Department is an entity separate from the City of

Sugar Land.  Consequently, the only government entity that may be named as a defendant in this civil rights suit is the City of Sugar Land.

The defendants then argue that the City of Sugar Land cannot be held liable merely because it is DuBose's employer.  See Williams v. Kaufman County, 352 F.3d 994, 1013 (5th Cir. 2003). They also point out that the City has a written policy requiring that police officers use "only that force that is objectively reasonable to bring the incident under control to accomplish lawful objectives, while protecting the lives of the officer and others." Docket Entry No. 25 at 31, citing Exhibit CD-2 at 11.  Defendants also show that DuBose was licensed as a police officer and had been trained in compliance with the requirements of the State of Texas. They further assert that there is no evidence of a pattern of use of excessive force by Sugar Land police that would support a showing of an unwritten policy, and if there were any evidence indicating that DuBose had used unnecessary force, DuBose's actions would be in violation of City policy.

The focus of the defendants' arguments and evidence is the arrest in question and DuBose's actions during the arrest.  The defendants provide the following evidence in support of their argument that DuBose did not use excessive force against Young:

See Docket Entry No. 25.

*Exhibit A* Affidavit of Officer Clifton DuBose;

-3-

*Exhibit B* Affidavit of Officer Shane Bracken;

*Exhibit C* Affidavit of Captain Gary Cox;

*Exhibit CD-1* Sugar Land Police Department Incident Report, bates #00001 - 000061;

*Exhibit CD-2* Sugar Land Police Department Policies;

*Exhibit CD-3* Letter from Chief Womack to Thomas Young;

*Exhibit CD-4* Video from Officer DuBose's Patrol Car;

*Exhibit CD-5* Video from Officer Zimmerhanzel's Patrol Car;

*Exhibit CD-6* Audio Recording of Sugar Land Dispatch;

*Exhibit CD-7* Sugar Land Police Department Photos, bates #000062 - 000077;

*Exhibit D* Deposition Transcript of Thomas Earl Young;

*Exhibit E* Conviction History of Thomas Earl Young; and

*Exhibit F* Verification of Summary Judgment Evidence.

The defendants' evidence shows that Officer DuBose was on duty during December 12, 2004. At that time he was in a Sugar Land Police Department uniform and driving a marked car. Docket Entry No. 25-3, Exhibit A at 1. At approximately 3:10 a.m. he received a radio dispatch concerning an alarm at a Radio Shack store in Sugar Land. He then overheard Sugar Land Police Officer Rudy Garza reporting that he observed a white van leaving the area of the alarm. When Officer DuBose arrived at the Radio Shack he saw that the glass front door had been shattered, and store merchandise was strewn about the parking lot and roadway in front of the store. Id.

He then left the store in order to assist Officer Garza because Garza had reported that the van had refused to stop despite orders to do so and was traveling northward on U.S. 59 at high speed. Id. at 2. DuBose and other police officers pursued the van until it exited at the Wilcrest/West Bellfort exit and turned east on West Bellfort. Id.; Exhibit B at 1. The van entered an apartment complex, came to a stop, and two black males exited the van and ran into the complex. Id. While other officers were chasing the two males on foot, DuBose saw Young move from the front passenger seat to the driver's seat and quickly drive away in the van without buckling his seatbelt. Exhibit A at 2.

DuBose notified the dispatcher about the van leaving the scene and began following it as it made its way through winding streets at an excessive speed. Id. The van crashed through a locked apartment gate, and Officer DuBose saw the air bags deploy inside the vehicle. Id. The van then entered the apartment complex and began weaving through the lanes at speeds that were excessive for the area, and at least once the van jumped over a corner. Id. The chase ended when Young's van collided with several parked cars at a speed of somewhere between 25 and 35 miles per hour. Id. Several people in one of the cars were injured in the collision. Docket Entry No. 25-6 at 22, Exhibit CD-1. Two of the victims were taken to Ben Taub Hospital with serious injuries including facial lacerations. Exhibit A at 4.

Young crawled out of the van after the collision and appeared to have been injured either by the collision with the cars or in the previous gate crash.  Exhibit A at 2.  Although he was hurt, Young evaded Officer DuBose's attempt to arrest him.  Id.  DuBose, who was the only officer in the area at that time, chased Young, who ignored DuBose's commands to stop.  Id. at 2-3.  Young climbed a seven-to-eight-foot fence and toppled over the other side landing on his face, chest, and stomach.  Id. at 3.  Officer DuBose climbed the fence and fell upon Young who was staggering to his feet.  Id.

Having Young pinned to the ground, DuBose yelled at him to put his hands behind his back.  Id.  Instead, Young rolled over, struck DuBose in the face, and attempted to get up.  Although dazed by the blow, DuBose responded by striking back with a closed fist and tried to control Young's left arm, which he was swinging at DuBose.  DuBose, who still had no assistance, used OC pepper spray in order to stop Young's assault and prevent his escape.  However, the pepper spray appeared to anger Young and not subdue him.  Officer DuBose hit Young in the face several times in order to overcome his resistance and because it was necessary for DuBose to defend himself.  Id.  DuBose confined his blows to Young's face and did not strike him anywhere else; nor did he kick him.  Id.; Exhibit B at 2.  Despite Officer DuBose's use of force, Young continued to fight until Officer Shane Bracken arrived to assist him.  Id.  Officer Bracken reached under the fence and grabbed Young, which

allowed Officer DuBose to subdue and handcuff Young.  Id.  Young continued to struggle in spite of the restraints.

The two officers, along with Officer Zimmerhanzel, slid Young under the fence.  Exhibit A at 3; Exhibit B at 2.  Bracken and Zimmerhanzel then attempted to stand Young up and escort him to DuBose's car, but Young continued to resist and had to be carried by his arms.  Id.  Officer DuBose remained on the other side of the fence in order to catch his breath and gather his name tag and watch, which had come off during the struggle.  Exhibit A at 4.  As a result of the fight with Young, DuBose sustained lacerations to his right index finger, the palm of his right hand, and the area below his right knee.  Id.  In addition, his right inner thigh was scraped, and he had bruises on the left side of his head and his left arm.

The Houston Fire Department transported Young to a hospital where he was x-rayed and treated for injuries including a collapsed lung.  Docket Entry No. 25 at 28, Exhibit CD-1A.  DuBose followed and remained with Young at the hospital until another police officer relieved him.  Id.  It was later determined that the van that Young was driving had been stolen and contained items stolen from the Radio Shack that had been burglarized.  Docket Entry No. 25 at 7, Exhibit A at 4; Exhibit CD-1A.  Young was later found guilty of burglary by a jury in a Fort Bend County District Court. Exhibit A at 4.  Other charges were dismissed because they did not occur in Fort Bend County.  Exhibit A at 5.

Defendants contend that the summary judgment evidence shows that DuBose did not engage in unconstitutional conduct and that his use of force was reasonable and proportionate in light of the circumstances and Young's aggressive conduct. They also argue that Young's injuries were caused by the automobile collisions and his tumble from the fence and not Young's use of force. They then argue that Young's claims against the City of Sugar Land must fail because DuBose did not violate Young's constitutional rights. Moreover, the City cannot be held liable on a theory of respondeat superior, and there is no evidence of an official policy condoning or allowing the use of excessive force.

### III.  Summary Judgment Standards

Summary judgment is proper if the pleadings, depositions, answers to interrogatories, and admissions on file, together with any affidavits filed in support of the motion, show that there is no genuine issue as to any material fact, and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In deciding a motion for summary judgment, the court must determine whether the pleadings and records indicate if there is a genuine issue regarding any material fact and whether the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986); Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994).

The party moving for summary judgment has the initial burden of demonstrating the absence of a material fact issue. Kee v. City

of Rowlett, Tex., 247 F.3d 206, 210 (5th Cir. 2001). To meet this burden the movant must present evidence that shows that the non-movant cannot carry its burden of proof at trial. Smith v. Brenoettsy, 158 F.3d 908, 911 (5th Cir. 1998). The movant may accomplish this by showing that the non-moving party has presented no evidence in support of his claim. Stahl v. Novartis Pharmaceuticals Corp., 283 F.3d 254, 263 (5th Cir. 2002). Once the movant has met this burden, the burden shifts to the non-movant to present specific facts showing that there is a genuine issue for trial; otherwise, summary judgment will be entered in favor of the movant. Hart v. Hairston, 343 F.3d 762, 764 (5th Cir. 2003).

Young, the non-movant in this action, has not filed a response despite the court's specific instructions to do so. See Docket Entry No. 12. Although summary judgment should not be granted if there is disputed evidence in the record, it is not the court's duty to seek out opposing evidence if the non-movant fails to point to such evidence. See Malacara v. Garber, 353 F.3d 393, 405 (5th Cir. 2003). Therefore, the court may accept the defendants' facts as true. See Eversley v. MBank Dallas, 843 F.2d 172, 173-74 (5th Cir. 1988).

**IV. Analysis**

**A. Officer DuBose**

A claim that police used excessive force in effecting an arrest is reviewed under the Fourth Amendment, which guarantees

-9-

citizens the right "'to be secure in their persons . . . against unreasonable . . . seizures' of the person." Graham v. Connor, 109 S.Ct. 1865, 1868-69 (1989). The right of the individual to be free from unlawful arrest and detention must be weighed against the opposing duties of the government to maintain order. Id. at 1871. In analyzing a claim the court considers the severity of the crime for which the plaintiff was arrested, whether the plaintiff presented an immediate threat to the safety of the officers or others, and whether he actively resisted or attempted to evade arrest by flight. Id. at 1872.

The Fifth Circuit has held that a plaintiff in an excessive force claim under the Fourth Amendment must prove that he (1) suffered some injury that (2) resulted from force that was clearly excessive to the need for force, (3) the excessiveness of which was objectively unreasonable. Ikerd v. Blair, 101 F.3d 430, 433-34 (5th Cir. 1996). The court looks to the totality of the circumstances in determining whether the use of force was justified. Id. The court must also be mindful of the fact that officers apprehending and arresting suspects are required to make rapid decisions in conditions that are tense and often dangerous. Graham at 1872. The reasonableness of the challenged use of force will be judged from the perspective of a reasonable officer at the scene and not from the advantage of chambers, which enjoys the

advantage of 20/20 hindsight.  Id., citing Terry v. Ohio, 88 S.Ct. 1868 (1968).  See also Johnson v. Glick, 481 F.2d 1028, 1033 (1973).

In the present action the defendants have shown that DuBose was in pursuit of Young, a burglary suspect who was driving recklessly and was ignoring orders to stop.  Young crashed through a gate and collided with other vehicles causing grievous injuries to bystanders.  Young's reckless driving tactics required quick action by DuBose and other police officers whose decisions are entitled to deference by this court.  See Dismukes v. Hackathorn, 802 F.Supp. 1442, 1450 (N.D. Miss. 1992).  After the collision and incapacitation of the van, Young continued with his escape effort until he fell awkwardly from the fence and lost his advantage over DuBose.  Young then fought back savagely, injuring DuBose before DuBose finally pinned him and ordered him to give up.  In the face of such resistance and in light of Young's violent conduct, Officer DuBose was clearly authorized to use some degree of force to bring Young under his control.  Graham v. Connor, 109 S.Ct. at 1871-72; Sappington v. Bartee, 195 F.3d 234, 237 (5th Cir. 1999).  Young is not entitled to relief for any injuries inflicted by DuBose during the lawful arrest and in the course of overcoming Young's violent efforts to resist the arrest.  See Johnson v. Morel, 876 F.2d 477, 479-80 (5th Cir. 1989).

Apart from the legality of DuBose's actions, there is also a question of whether DuBose even caused Young's injuries. The summary judgment record shows that Young was involved in two collisions and had fallen head-first from a seven-to-eight-foot fence before DuBose laid a hand on him. Moreover, Young admitted in a deposition that he had no proof to support his claims that Officer DuBose kicked him or knocked out any of his teeth. Docket Entry No. 25-11 at 4-5, Exhibit D at 46-47. He also confessed during the deposition that he did not know whether Officer DuBose ever kicked or hit him in the mouth. Id. He further stated that no doctor told him how his ribs were cracked, his lung was injured, or his teeth were knocked out. Id. Young cannot prevail in a use-of-excessive-force claim in violation of the Fourth Amendment if he cannot attribute his injuries to Officer DuBose. See Harper v. Harris County, Tex., 21 F.3d 597, 600 (5th Cir. 1994). In light of the evidence of the accidents that befell Young and his admission that he has no proof that DuBose struck him in the chest or dislodged his teeth, this court finds that there is no evidence to support Young's allegations regarding the cause of his injuries.

**B.   The City of Sugar Land and the Sugar Land Police Department**

The City of Sugar Land cannot be held liable unless Young can show that he suffered a constitutional deprivation and that an official policy or custom was the moving force behind the

constitutional deprivation.  <u>Leatherman v. Tarrant County Narcotics Intelligence & Coordination Unit</u>, 113 S.Ct. 1160, 1162 (1993).  The City cannot be held liable merely because it employed DuBose.  <u>Id.</u>  Having determined that Officer DuBose did not violate Young's constitutional rights, this court cannot impose any liability on the City of Sugar Land.  <u>Alpha v. Hooper</u>, 440 F.3d 670, 672 (5th Cir. 2006) (municipality and its police department cannot be held liable where there is a finding that the individual police officer did not violate the plaintiff's rights), <u>citing</u> <u>Los Angeles v. Heller</u>, 106 S.Ct. 1571, 1572-73 (1986).  Moreover, the defendants have presented evidence demonstrating the City of Sugar Land had an official policy that prohibited police officers from using excessive force.  See Docket Entry No. 25-11 at 11-13.  In light of such evidence, the City of Sugar Land cannot be held liable.  <u>See</u> <u>Johnson v. Moore</u>, 958 F.2d 92 (5th Cir. 1992).

The City of Sugar Land Police Department also cannot be held liable.  Apart from no evidence of an official policy condoning use of excessive force and an absence of use of excessive force, there is no showing that the Police Department is an independent government entity.  <u>See</u> <u>Williams</u>, 352 F.3d at 1013.

Therefore, the Defendants' Motion for Summary Judgment (Docket Entry No. 25) will be granted, and this action will be dismissed under Fed. R. Civ. P. 56.

## V. Conclusion and Order

The Defendants' Motion for Summary Judgment (Docket Entry No. 25) is **GRANTED**.

**SIGNED** at Houston, Texas, on this 28th day of January, 2008.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE